IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| HASHIM ASAAD MUHAMMED SHABAZZ | * | |
| #60558 | | |
|     Petitioner, | * | |
| v. | * | 1:08-CV-584-TMH |
| | | (WO) |
| STATE OF ALABAMA, *et al.*, | * | |
|     Respondents. | * | |

_____

**ORDER**

This cause is before the court on a petition for habeas corpus relief filed by Hashim Shabazz. In this petition, as amended, Petitioner challenges the constitutionality of his confinement on pending state criminal charges pursuant to orders of the Circuit Court for Houston County, Alabama.[1]

In an answer filed on August 28, 2008 Respondents assert that Petitioner has failed to exhaust available state remedies with respect to each of the claims now pending before this court. Specifically, Respondents maintain that Petitioner is awaiting trial on the criminal charge he seeks to challenge in the present petition and if convicted, he will have

---

[1] Petitioner filed this action on a form for use in filing habeas corpus applications under 28 U.S.C. § 2254 and it was docketed as such. (*See* Doc. No. 1.) Based on Respondents' answer and supporting evidentiary materials it is clear, however, that Petitioner seeks to challenge criminal charges pending against him before the Circuit Court for Houston County, Alabama. A pretrial petition challenging ongoing state criminal proceedings is properly brought under 28 U.S.C. § 2241. *See Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003); *Stringer v. Williams,* 161 F.3d 259, 262 (5th Cir. 1998) (construing petition filed to seek release from pending state criminal proceeding as brought under 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254 ); *Dickerson v. Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987) (same). Thus, this court construes Petitioner's petition as seeking relief pursuant to § 2241.

an opportunity to challenge the validity of the conviction and/or sentence in the state courts and should do so before presenting any such challenges in federal court. (*Doc. No. 11 at 6*.)

"Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, . . . the requirements of § 2254 -- including exhaustion of state remedies -- apply to" Petitioner as he challenges the validity of state court actions which resulted in his confinement and remain a potential basis for his confinement until resolution of the criminal charge pending against him in the state courts of Houston County, Alabama. *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). "'[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes,' § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one. [*Medberry v. Crosby*, 351 F.3d 1049, 1059-1062 (11th Cir. 2003)]. For that reason, even though [Petitioner] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement" because the custody he seeks to challenge arises from the orders of a state court. *Dill*, 371 F.3d at 1302-1303. The law directs that this court shall not grant relief on a petition for writ of habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the State ..." 28 U.S.C. § 2254(1)(b)(1)(A).

Upon review of the pleadings filed in this case, it is clear that Petitioner has not yet exhausted his available state court remedies with respect to each of the claims presented

in the instant petition for habeas corpus relief.  This court does not deem it appropriate to rule on the merits of Petitioner's claims without first requiring that he exhaust state remedies.  *See* 28 U.S.C. § 2254(1)(b)(2). Accordingly, it is

ORDERED that on or before September 15, 2008 Petitioner shall SHOW CAUSE why his habeas corpus petition should not be dismissed for failure to exhaust state remedies.

Done, this 2nd day of September 2008.

    /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE